UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO, DARIN
JEFFERS, MICHAEL O'TOOLE, MICHAEL BOURGAL,
FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC
HERBST, THOMAS CORBETT and ROBERT G.
WESSELS, as Trustees and fiduciaries of the Local 282
Welfare Trust Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282 Job Training
Trust Fund, and the Local 282 Vacation and Sick Leave
Trust Fund,

Civil Action No.: 20-CV-5734

COMPLAINT

          Plaintiffs,

  -against-


RAD & D'APRILE CONSTRUCTION CORP.,

          Defendant,
---------------------------------------------------------------------------x

  Plaintiffs Thomas Gesualdi, Louis Bisignano, Darin Jeffers, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Robert G. Wessels, and Thomas Corbett as trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, (collectively, the "Funds"), for their Complaint against Rad & D'Aprile Inc., by their attorneys Trivella & Forte, LLP, allege as follows:

## INTRODUCTION

  This is an action by the Trustees and fiduciaries of employee benefit plans for injunctive and monetary relief, under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381, *et seq*. ("MPPAA"), and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

1

This action arises from Defendant Rad & D'Aprile Inc.'s failure to (i) submit remittance reports for the period of June 2015 through present, (ii) remit payment of unpaid contributions determined to be due and owing as a result of the Funds' audit of RAD's pertinent books and records covering the periods June 1, 2015 through March 26, 2019 (Audit No. 20-0237); pay interest and additional interest, liquidated damages, and attorneys' fees and costs due and owing on the aforesaid amounts as required by ERISA, the Trust Agreement governing the Funds, and the applicable collective bargaining agreement.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Sections 502(e), 502(f), 515 and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), 1145, and 1451(c).

2. Venue lies in this District pursuant to Sections §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Funds are administered in this District.

## PARTIES

3. Plaintiffs are Trustees and fiduciaries of the Funds and, collectively, are the "plan sponsor" within the meaning of Section 3(l6)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Trustees are fiduciaries of the Funds, as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(2l)(A).

4. The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and § 1002(37) with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042.

5. The Funds are jointly administered by a Board of Trustees, with equal representation of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6. The Funds were established pursuant to the terms of various collective bargaining agreements between Building Material Teamsters Local 282 ("Local 282" or "Union"), a labor organization representing workers in an industry affecting commerce, and various employers, including Rad & D'Aprile Inc., which are required to make contributions to the Funds on behalf of their workers covered by the collective bargaining agreements.

7. The Funds are maintained pursuant to the terms of the Amended and Restated Agreement and Declaration of Trust ("Trust Agreement"), which is incorporated by reference into the collective bargaining agreements. The Funds provide various pension, health and welfare, annuity, job training, vacation and sick leave, and legal services benefits to covered workers, retirees and their dependents.

8. The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Funds are third-party beneficiaries of the collective bargaining agreements.

9. Upon information and belief, Rad & D'Aprile Inc. at all times relevant to this action was and is, a New York domestic business corporation located, doing business, and having its principal place of business at 2128 Bellmore Avenue, Bellmore, New York 11710.

10. Upon information and belief, Rad & D'Aprile Inc. is, and at all times relevant to this action has been, engaged in the transportation of building materials within, *inter alia*, the State of New York.

11. Rad & D'Aprile Inc. at all times relevant to this action was and is, an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Article I, Section 1 of the Trust Agreement.

12. At all times relevant to this action, Rad & D'Aprile Inc. was a signatory to or otherwise bound by and to the Building Material Contractors Association, Inc. Industry Agreement in effect for the periods July 1, 2008 through June 30, 2011 and July 1, 2011 through June 30, 2016 (the "CBAs").

13. At all times relevant to this action, Rad & D'Aprile Inc. agreed to be bound by the Trust Agreement, which is incorporated by reference into the CBA.

14. The CBA expressly provides that the Employer is bound to the Trust Agreement.

15. At all times relevant to this action, the CBA requires Employers, including Rad & D'Aprile Inc., to submit remittance reports to the Funds which identify the employees who performed work covered by the CBA and to state the number of hours each such employee worked in covered employment.

16. Along with the remittance reports, the CBA also requires Employers, including Rad & D'Aprile Inc., to remit contributions to the Funds on behalf of all employees who performed work covered by the CBA, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBA.

17. The Trust Agreement provides that if the Employer fails to remit contributions by the date due, the Employer is liable to the Funds for (i) the delinquent contributions; (ii) interest at the rate of 1.5% per month (18% per year) from the first day of the month when the payment was due through the date of payment; (iii) an amount equal to the greater of (a) the amount of interest charged on the unpaid contributions, or (b) liquidated damages in the form of 20 percent of the unpaid contributions; and (iv) the Funds' attorneys' fees and costs.

18. The Trust Agreement further requires an Employer to submit to periodic audits of its pertinent books and records. Specifically, Article IX, Section 1(d) of the Trust Agreement

provides that "[t]he Trustees may at any time audit the pertinent books and records of any Employer in connection with" the Employer's contributions to the Funds.

19. Article IX, Section 1(d) of the Trust Agreement specifically defines "pertinent books and records" to include but not be limited to:

1. Payroll records, including payroll journals, time cards, print-outs, ledgers or any other form of payroll record;
2. Payroll tax records submitted to federal and state governments including Forms 941, and W-2;
3. Complete business income tax returns;
4. Cash disbursement records;
5. General ledgers;
6. Records relating to the hiring of trucks, including equipment vouchers, invoices and payment records; and
7. Any other records specifically requested by the Funds' auditors, including the classification of employees, their social security numbers, and the amount of wages paid and hours worked.

20. Article IX, Section 1(d) of the Trust Agreement additionally provides that pertinent books and records of an Employer include:

> the books and records of any business which is bound by a collective bargaining agreement with the Union which requires contributions to any of the Funds and any other business entity which is affiliated with such business and which either: 1) has employed persons who have performed the same type of work as the employees of the Employer covered by the Union agreement, or 2) is part of a group of trades or businesses "under common control," as that term is used in 29 U.S.C. § 1301(b)(1) for withdrawal liability purposes, which includes the Employer.

21. The Trust Agreement requires an Employer to submit its pertinent books and records to audit in order to verify that all contributions required under the CBA have been remitted to the Funds, that such contributions have been made solely on behalf of individuals eligible to participate in the Funds, and that covered workers are receiving the required benefits and/or credits.

22. Where an audit discloses a delinquency, an Employer, in addition to paying the contributions identified as being owed, is required under Article IX, Section 3 of the Trust Agreement to pay interest on the amount of contributions due, plus liquidated damages, audit fees, attorneys' fees, and costs.

23. Article IX, Section 4 of the Trust Agreement and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorizes the Trustees to bring actions to enforce an Employer's obligations to the Funds under its collective bargaining agreements with Local 282, including the obligation to make contributions to the Funds.

24. Article IX, Section 3 of the Trust Agreement and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), requires payment of interest on unpaid contributions at the rate of 1.5 percent per month from the date the payment was due until it is received.

25. Article IX, Section 3(c) of the Trust Agreement and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), requires payment of additional damages equal to the greater of the amount of interest charged on the unpaid contributions or liquidated damages in the form of 20 percent of the unpaid contributions.

26. Article IX, Section 3(a) of the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g), requires payment of attorneys' fees incurred in collection actions, whether a suit has been filed or not, equal to the actual amount billed to the Trustees by their counsel for work performed in connection with the matter.

27. Pursuant to Article IX, Section 3, as amended, interest on unpaid contributions is calculated at the rate of 1.5 percent per month. Prior to June 1, 2015, interest accrued from the first day of the month when the contributions are due until the date payment is received.

28.     The Trust Agreement requires employers to submit remittance reports and contributions to the Funds.

29.     Rad & D'Aprile Inc. has failed to submit remittance reports for the period of June 1, 2015 through the present.

30.     The Funds demanded the submission of the missing remittance reports and contributions.

31.     To date, Rad & D'Aprile Inc. has failed and refused to submit the remittance reports and contributions.

32.     Based on the above, Rad & D'Aprile Inc. should be ordered to submit the missing remittance reports and contributions for the period of June 1, 2015 through the present, plus interest and liquidated damages, or otherwise be held liable for estimated contributions as determined by the methods set forth in the Trust Agreement, plus interest and liquidated damages.

33.     Prior to the filing of this action, Rad & D'Aprile Inc. agreed to and did submit its pertinent books and records to audit for the period June 1, 2015 through March 26, 2019. The Funds' auditors reviewed the pertinent books and records of Rad & D'Aprile Inc. for that period and prepared Audit #20-0237.

34.     Pursuant to the CBA, the Trust Agreement and audit # 20-0237, Rad & D'Aprile Inc. was found to owe $314,616.76 in delinquent contributions, plus interest calculated through June 18, 2019, in the amount of $104,937.69, plus audit costs of $794.03.

35.     On June 18, 2019 the Funds sent a letter to Rad & D'Aprile Inc. with a copy of Audit No. 20-0237 and demanded payment for same. On March 18, 2020 Trivella & Forte, LLP sent a certified mail and first class mail letter to Rad & D'Aprile Inc. advising Rad &

7

D'Aprile Inc. of the audit delinquency and that if the audit delinquency was not paid in ten days Trivella & Forte, LLP would commence this federal action.

36. Rad & D'Aprile Inc. made no payments toward the unpaid audit, which remains due and owing in its entirety, plus additional interest, and liquidated and other 29 U.S.C. § 1132 damages. Additional interest and other amounts continue to accrue pending payment.

### FIRST CAUSE OF ACTION

37. Plaintiffs' repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

38. Section 515 of ERISA, 29 U.S.C. § 1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement… [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

39. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a) (3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this title or the terms of the plan."

40. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), mandates that, "[i]n any action bought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

      1. the unpaid contributions,
      2. interest on the unpaid contributions,
      3. an amount equal to the greater of –
          i. interest on the unpaid contributions, or
          ii. liquidated damages…in an amount not in excess of 20 percent of the [unpaid contributions],

      4.    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

      5.    such other legal or equitable relief as the court deems appropriate…".

41.    Rad & D'Aprile Inc. by its failure to submit remittance reports for the periods of June 2015 to the present, is subject to an injunction and/or award ordering it to immediately submit said remittance reports and pay all of the unpaid contributions associated therewith, or alternatively, pay all estimated contributions as determined by the methods set forth in the Trust Agreement.

42.    Rad & D'Aprile Inc., by its failure to remit the unpaid contributions determined to be due and owing by the aforesaid audits, is subject to an injunction and/or award ordering it to immediately pay all of the unpaid contributions.

43.    Rad & D'Aprile Inc. is also required to pay interest on the unpaid contributions form the date when payment was due to the date when payment was made, plus liquidated damages, audit costs, attorneys' fees and costs in accordance with Article IX, Section 3 of the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

44.    Rad & D'Aprile Inc. by failing to: (i) submit remittance reports, (ii) submit amounts due and owing as a result of the aforesaid audit, including audit fees has violated Section 515 of ERISA, 29 U.S.C. §1145, in that it has failed to make contributions in accordance with the plan documents of the Funds, thereby giving rise to an action under 502(a)(3) of ERISA, 29 U.S.C.§ 1132(a)(3), and is, thus, subject to the remedies under Section 502(g) of ERISA, 29 U.S.C. §1132(g) and the Trust Agreement.

**SECOND CAUSE OF ACTION**

45. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

47. By failing to submit remittance reports and contributions due and owing, Rad & D'Aprile Inc. has violated the CBA and the Trust Agreement, which is incorporated into the CBA.

48. By failing to pay amounts determined due and owing by the aforesaid audit, Rad & D'Aprile Inc. has violated the CBA and the Trust Agreement, which is incorporated into the CBA.

49. By failing to timely pay the contributions and other amounts owing, Rad & D'Aprile Inc. has violated the CBA and the Trust Agreement, which is incorporated into the CBA.

50. The Funds are thus entitled under the LMRA Section 301(a), as well as the CBA and the Trust Agreement, to the unpaid contributions, interest on the unpaid contributions, liquidated damages, and attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that the Court enter judgment:

1. Ordering Rad & D'Aprile Inc. to (i) submit all remittance reports due and owing or otherwise pay the estimated contributions determined by the methods set forth in the Trust Agreement, plus all amounts that become due and owing during the pendency of this action; Ordering Rad & D'Aprile Inc. pay (i) unpaid contributions as determined to be due and owing by Audit No. 20-0237 in the amount of $420,348.48, (ii) interest on the unpaid contributions at the rate of 1.5% per month from the first day of the month when the contributions were due through the date of payment, (iii) an amount equal to the greater of (a) interest on the unpaid

contributions or (b) liquidated damages of 20 percent of the unpaid contributions, and (iv) the costs incurred in conducting the audits;

  2. Ordering Rad & D'Aprile Inc. to pay the Funds their reasonable attorneys' fees and costs, in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D); Section 301 of LMRA, and Article IX, Section 3(a) of the Trust Agreement, in an amount to be determined; and

  3. For such other and further equitable relief as this Court deems appropriate.

Dated: White Plains, New York
   November 24, 2020

                Yours, etc.,
                TRIVELLA & FORTE, LLP


                */s/ Christopher A. Smith*
                CHRISTOPHER A. SMITH
                *Attorneys for Plaintiffs*
                1311 Mamaroneck Avenue, Suite 170
                White Plains, New York 10605
                Tel. No.: (914) 949-9075


To: RAD & D'APRILE INC
   2128 Bellmore Avenue
   Bellmore, NY 11710